The first case this morning is 523-0613, People v. Sherrill. Arguing for the appellant is Matthew Kralovic. Arguing for the appellee is Louis Kiel. Each side will have 10 minutes for their argument. The appellant will also have 5 minutes for rebuttal. Please note, only the clerk of the court is permitted to record these proceedings today. Morning, counsel. Morning, Your Honor. If, appellant, if you are ready to proceed, you may do so. Thank you, Your Honor. May it please the court. Counsel, I'm Matthew Kralovic from the Office of the State Appellate Defender, and I represent Sean Sherrill, the appellant. Sean was convicted of two counts of criminal sexual assault and one count of aggravated sexual criminal abuse. These charges were based on claims from his stepdaughter, LM, and Sean's convictions and his trial boil down to her credibility. There was no physical evidence that corroborated her claims. There was no other testifying witness who ever claimed to see any abuse or inappropriate situation happen. So, to bolster her credibility, the state relied heavily on statements from her mother, Angie, that was given at a prior order of protection hearing. As the state concedes, Angie's testimony was important to its case. It started and ended with her testimony, and this appeal should too. Today, I'll be focusing on issue one, which is about Angie's statements from that prior order of protection hearing and the confrontation problems that it presented. If this court were to grant relief on this issue, it need not address any other issue that we raised in the brief aside from the double-deputy concerns raised in issue four. But I'm prepared to welcome questions on any of the issues we raised. So, admitting Angie's prior testimony violated the confrontation clause because Sean lacked a meaningful prior opportunity to examine her at the order of protection hearing. And there's two independent reasons why that order of protection hearing was not a meaningful opportunity. First and most simple, Sean lacked a meaningful opportunity because he lacked counsel at that prior hearing. This is a straightforward rule from Poynter v. Texas. In Poynter held that a meaningful prior opportunity requires that the defendant's counsel have a chance to cross-examine the witness. There, the testimony was from a preliminary hearing and the defendant did not have counsel, but he had the chance to personally examine the witnesses at the hearing. And in fact, he did examine other witnesses at this hearing. Still, this is a straightforward case for the Supreme Court. Without counsel, that prior opportunity was not meaningful. And there was no doubt in the court's mind. It said unquestionably. Admitting that testimony in that hearing where defendant lacked counsel denied the defendant his right to confront the witnesses at trial. Counsel, what about a situation where a defendant wants to represent himself? In that situation, your honor, if he's representing himself and he's waiving counsel and he's proceeding as his own, there would be no Poynter violation, right? It'd be the same, similar situation to where at the prior opportunity the defendant or defense counsel chooses not to examine a witness. He's making a voluntary choice not to have the assistance of counsel or confront the witness with counsel. And... Is it the inquiry whether you have a meaningful chance for meaningful cross-examination rather than whether or not you have a lawyer? Poynter, your honor, specifically linked counsel to that meaningful opportunity, right? It said without counsel present in that hearing and him having a chance to cross-examine that witness, there was no meaningful opportunity. It is almost a prerequisite for that prior chance. And this rule from Poynter has remained good law for nearly 60 years. The state has not... Excuse me. Was this a civil proceeding or a criminal proceeding? The testimony here at the order of protection hearing, in this case, was a civil prior proceeding. In Poynter, it was a criminal. But importantly, in Poynter, that preliminary hearing was not yet deemed a critical stage. And Texas actually brought that up. It said he was not entitled to counsel at this hearing. So there was, you know, his counsel having a chance to cross-examine this witness shouldn't matter because he wasn't entitled to counsel. The Supreme Court rejected that argument flatly. It said it did not even need to address whether he was entitled to counsel at the time because what was important was that the counsel had a chance to cross-examine the witness. And importantly, the state has not cited any case, right, that distinguishes between that prior opportunity or prior hearing being from a civil rather than a criminal proceeding. There's no case at all saying Poynter's rule only applies to prior criminal proceedings. And the state has also, most importantly, not cited one case that has ever allowed testimony from a prior hearing where the defendant lacked counsel. So in some... The testimony that was being offered, was that to a different act? Yes, Your Honor, it was a different act. It gets a little complicated given the state's closing argument. But technically, the act at issue in the order of protection hearing was Angie walking into a bedroom and seeing Sean naked in the room. She didn't claim that any penetration was happening. Whereas the charges at issue here were about acts that happened in a five-month span beforehand where there's actually penetrative acts. So they were different. But during closing arguments, the prosecutor said these dates, they may be blurry on it. It could have happened earlier. It could have happened later. So it may not have been clear to the jury that this was a separate act that is not one of these substantive acts that are at issue or in the case. Well, the charge... He wasn't charged with this particular act that was set forth in the plenary hearing, was he? No, no, Your Honor. Yes, there was... Yes, he was not charged with that act. And so that was one reason for why the prior opportunity is not adequate. And briefly, the second, even if you don't find point of rule applying, these were still fundamentally different hearings with different issues, different dates and different acts that were at issue. His motive to cross-examine and establish an alibi for that date would have been different than what was at trial. And he would have questioned Angie. They all lived together in a small bedroom. What happened in those months beforehand and whether potentially he had opportunities and his relationships between the parties. Now, admitting Angie's testimony, I wanna quickly talk about prejudice as I see my time is running down. But admitting Angie's testimony was not harmless beyond a reasonable doubt. The state concedes that it was important to the state's case because it provided critical corroborating evidence. There was nothing else to corroborate any of these abuse claims. And the state made her statements a centerpiece of its trial. The first thing it said to the jury during its opening statement was, I know what I saw. Those are the words of Angie when she described her husband in the act of sexually abusing her daughter. And it goes back to this quote again and again throughout the trial, its opening statement and its closing. First three paragraphs of his opening statements were all about this hearing and her statements at the hearing. And again, it started with that same quote during its closing arguments. During its closing arguments, it told the jury to compare, we could find LM more credible because her claims about this bedroom incident tracked with their motherhood claims from that earlier order of protection hearing. And during its closing argument, opening closing argument, seven out of the 11 pages directly talked about her statements from that prior hearing. And additionally, on top of that, the witnesses around the trial, their testimony largely focused on order of protection hearings and her statements through it. For example, DCF investigator Barbara Traylor said that her statements at that order of protection hearing and her claims there was the heart of the case and without it, they wouldn't proceed forward. And then additionally, on top of that, the state cites evidentiary statute for why this testimony should have been admitted, which is 7725 ILCS 115-10.4, right? And that statute governs a deceased witnesses prior testimony. The second prong in that statute requires that the evidence be more probative than any other evidence that the proponent can procure on that point. So the implicit finding argument here is, yes, this evidence was critical. And throughout trial, over and over again, the state pointed to these statements from that prior hearing as why we could believe LM. It was the last thing that the prosecutor said during their closing argument was look at LM statements, look at Angie's statements and then return the verdict of guilty. They have made it a centerpiece at the trial and it was critical and contributed to Sean's conviction. I see my time is just about out. So I will reserve for my rebuttal. Thank you. Any further questions, Justice Cates? No, thank you. Justice Moore. All right. You'll be given time for rebuttal. Apolli, you may proceed. Thank you, Your Honor. Chief Justice, Your Honor, may it please the court. My name is Louis Hizzo and I represent the state on the matter of People v. Sean Sherrill. I would largely rest on my brief on all the other issues that have not been addressed this morning. But I do want to address the first point of contention, which is whether defendants' rights under the Confrontation Clause were violated. It is the state's position that it was not. The defendant's contention largely rests on Pointer v. Texas. He argues that an attorney was required at the time of cross-examination for the defendant to have had an adequate opportunity to cross. However, the state maintains that Pointer is not completely dispositive because of a number of factual distinctions. For example, the testimony there that was introduced was used through a transcript. Whereas here, the medium was an audio recording from a civil order protection. On a basic level, there is not many differences between using a transcript and an audio recording. However, as we argued on our brief, the differences in postures should not be something this court should overlook.  Your Honor. Why not? What's the difference between an audio recording and a transcript? On a basic level, there is no difference, Your Honor. My point being the contextual, factual distinctions here, such as the posture, one being a civil order protection, whereas in Pointer, we were dealing with a preliminary hearing. The defendant is correct. Excuse me. In a preliminary hearing, the individual defendant had the right to counsel. In the civil proceeding, there was no right to counsel. That is correct, Judge, Your Honor. And that is exactly what our point is here. It shouldn't be something that should be overlooked because as Pointer factually shows, and most of the cases that have been cited to on both briefs, most of these cases deal with a preliminary hearing where counsel should be appointed by the time they're having that prior hearing. In our case, we're dealing with the situation of whether or not the defendant chooses to go out and seek counsel. And if he doesn't seek counsel, then the question then becomes, is it to his benefit? Which is essentially the kind of point that we wanted to make on a brief here that the context here should not be something that is overlooked with regards to the procedural posture. What if you don't look at the confrontation clause and you look at the statute that allows the admission of testimony of a deceased person, what theory would the state use to bring in this testimony of a crime that was not charged in the indictment? My apologies. I don't understand the question and it's nothing from your end. I just want to make sure. Okay, let me, let me, this testimony dealt with an allegation that Angie saw that was not the subject of the indictment. She saw when she walked in his pants down and I think she saw the defendant lick the victim's thigh while Alan was naked. That was not what was charged in the indictment. So now you have testimony coming in on a different set of circumstances. What's the theory of the state to bring that in? Your Honor, I will not be remissed if I don't speak to the importance of the testimony here. It was obviously very important, but the reason for that testimony to be produced in this hearing specifically was to allow that the minor to have some sort of corroborating statement because obviously there was nobody else outside of the minor that was able to testify as to what was actually going on. The only, the only theory and the only reason I would, I would show here would be for corroborating purposes. So we used the out-of-court statement to prove the truth of the matter asserted as to a different set of circumstances. So now we have to look at the probative value, right? Yes, Judge. Why is the probative value greater than the prejudice? Your Honor, we did not address this on our brief, but I will answer that question, Your Honor. The probative value here is greater because simply what we see through Angela's testimony is that there were questions raised during not only the cross-examination of the order of protection, but questions raised during the actual trial that alluded to the fact that because she didn't see it, it may not have occurred. And what was truly going on, the defendant tries to at times assert that it was, or reflect that it was somebody else that may have been causing the abuse. And so what that evidence tries to do is try to essentially answer for the cross-examination that the defendant's attorney was posing during the trial of the minor, i.e. the minor testified that there were times where the mother was also in the room. And so some of the questions that were alluded through cross-examination is, well, if that's the case, then why didn't she see anything that occurred? And so the purpose of bringing this in was to provide to the jury. There was an instance where mother does actually walk in and realize what is going on. And so there was provativeness in that aspect, Your Honor. Okay, thank you. Which would actually bring me to my next point, Your Honor, which is that the principle to point is also the fact that the defendant did not cross-examine the witness at all. Here, another factual distinction is that the defendant did have an opportunity to cross-examine. And under People v. Sutherland, Torres, and Rice, we understand that in order to have an ample opportunity to cross-examine, it has to be meaningful, adequate, and effective. And so one of the things that we look for is the motive and focus of the cross-examination at the time of the initial proceedings. The motive and focus at the time of the initial proceedings would have been the same if she was cross-examined at trial or any subsequent hearing. During the order protection hearing, as was previously stated, Angela testified that she was seeking an order on behalf of the daughter because of the instance where she had walked in on the defendant and her daughter naked. And so the scope of any subsequent questioning would have been limited to what she saw. Furthermore, she could not have testified in regards to any of the counts of aggravated criminal sexual assault or abuse or criminal sexual assault because she never witnessed any of it, nor could she add any factual details regarding the abuse. Therefore, the focus of her testimony and cross would have remained the same and would have been limited to the instance as well as her credibility, which would then go to my next point, which is whether the defendant had unlimited and unrestricted as defined under People v. Torres. And during the order protection hearing, the defendant was allowed to cross Angela as he wished. He was able to question Angela on her decision making following the incident, for example, question her on her decision to marry the defendant, continue to reside with them in other decision making or lack thereof that Angela then she exercised. But lastly, if this court does find that her testimony would have been admitted in error, this court should hold that it was a harmless error. And in determining whether the error was harmless, the test to be applied is whether it appears beyond a reasonable doubt that the error did not contribute to the verdict. We would ask this court to use the approach of determining whether the improperly admitted evidence is merely cumulative or duplicative of properly admitted evidence. And I do see that my time is running out, Your Honor. So I would just end with in this case, the evidence was duplicative. The minor was able to testify as to the specific instance that Angela's testimony is also brought forth. So I would ask this court to affirm the defendant's convictions as convicted during the trial court level and find that no error occurred. Thank you. Justice Cates, any further questions? No, thank you. Justice Moore? No questions. Panelist, you may present your rebuttal argument. Thank you, Your Honor. So a few quick points here. So I want to clean up that the preliminary hearing right in the entitlement to counsel. So at the time of Porter v. Texas, defendants were not entitled to counsel at preliminary hearings. That came about a year or so, a couple of years after Porter v. Texas. That was Texas's exact argument that the right to counsel did not apply at that preliminary hearing. So he did not need counsel to cross-examine that witness. The Supreme Court flatly rejected that argument. It said it did not even need to address it because to enforce that his right to confront the witnesses and meaningfully confront the witnesses, he needs the assistance of counsel. And the actual lack of counsel there, and he did not have a meaningful opportunity. Particularly, Justice Stewart's concurring opinion in that case, lays out why the right to counsel and counsel cross-examining witnesses and having the chance to cross-examine is important to assuring a fair trial. Because cross-examination is not just a skill that everybody has. It's a learned, very detailed art form as well. It's not only what you ask, but it's the way you convey it, which I'm not quite sure the distinction between the transcript and the audio, right? But even the way that Sean was presenting questions or the tone he was asking and the way that he could have asked it is going to affect the jury, whether they believe him, whether they're offended by it. It's going to affect the way that this cross-examination is coming out here. And he was a pro se defendant and he's not a lawyer and had no legal training. And that also kind of goes into my next point, three. So counsel made a point about how Sean did not go and seek counsel at that preliminary hearing. While it's true that he could have hired an attorney, right? Sean, as we know, is an indigent defendant. He was getting food from food shelters and food pantries. So it doesn't line up with all the case law of Porter v. Texas and all we know about how important counsel is to criminal proceedings that we're going to waive and say this confrontation clause is diminished because his prior hearing, he could have gotten a lawyer, but he chose not to. And another important fact about the preliminary hearings, right? Of it being civil rather than criminal in nature, right? The state keeps trying to bring up this distinction, but there's no case law that says there is a distinction, right? There is no case law that says, okay, the confrontation clause doesn't apply if this proceeding was from a civil one rather than criminal. And I think Justice Cates made a point, right? Most of these cases, right? The deal with confrontation clause are dealing with hearings that are from the same proceedings, right? It's either a preliminary hearing or a prior trial because those are the cases, right? That more clearly lined up these factual issues and what a witness or a defendant is going to cross-examine a witness about is going to be more aligned with what the issues are at trial. At preliminary hearings, the issue is whether there's enough evidence to show probable cause that he committed offense. While at trial, the burden is a little bit different. It's a reasonable doubt. It's still the same issues whether the evidence lines up to what the burden is over at trial. But civil proceedings and like an order of protection are fundamentally different. What at issue at the order of protection was whether he presented a present danger. The state has not said anything that the court at that order of protection hearing even needed to find that he committed that act in that bedroom incident. So yes, the lack of cases that talk about when the prior proceeding is a civil or an order of protection supports our point that this is a well-established rule that this proceeding or protection in civil one are so different from what everyone understands that a meaningful prior opportunity from a proceeding at similar trial is. And additionally, some other points I wanted to get to. So counsel also made it a point that the issue in pointer was that he actually did not cross the witness at the preliminary hearing. But that's not what partner turned to. It was never discussed in partner. The defendant there actually did cross examine other witnesses at that hearing, right? In those situations when they're giving a defendant or defense counsel is giving a meaningful opportunity, right? They can choose not to cross examine a witness. And that doesn't pose a confrontation problem later, right? That would have been the outcome in point of view, Texas, if that's what it turned on. But it's not what it turned on. What it turned on he did not have counsel present who could cross examine the witnesses at trial. And again, just very brief, my time's running out. It was not unlimited or unrestricted cross because the focus of these two proceedings were fundamentally different. I mean, the indictment was a five month span immediately before that October 1st bedroom incident. So just because Sean didn't try to question about exit, he had no idea what he'd be charged with. Two years later doesn't mean he was unrestricted and couldn't question Angie about anything he wanted. And I noticed my time is out. So we just quickly ask the reversal of his convictions and ran for a new trial and reverse his conviction on the aggravated criminal sexual abuse outright. Thank you, Your Honor. Any final questions, Justice Cates? I do. Was this error preserved at trial? Yes, Your Honor. It was raised in pretrial motion and also the state's conceded in its brief that was a preserved issue and it is argued that it was harmless. But they raised over a trial and also addition to the constitutional issue exception. So there's no plain error review? No, Your Honor. We did not argue plain error review. No. We argued that it was preserved error and then by the chance it was not, it was ineffective assistant counsel. OK, thank you. Thank you, Justice McKinney. Justice Moore, any final questions? No, no other questions. Thank you, counsel, for your arguments. We will take this matter under advisement and issue a ruling in due course.